## STEPHENSON VS. UNITED STATES EXPRESS COMPANY.

COMMON CARRIER of Goods : *Post-office notice to consignee of arrival of goods; Effect and evidence.*

1. Whether, when the consignee of goods has no known place of residence or business at the place of destination, and cannot, after due diligence, be found, so that delivery of the goods can be made to him in person, a common carrier may, by law or by custom of the particular place, absolve himself from liability as such and assume that of a warehouseman only, by depositing a notice in the post-office addressed to such consignee, is not here decided.

2. The sufficiency of evidence as to the making and posting of such a notice, is to be determined by the same rules which are applied to the making and posting of a notice of the dishonor of a note or bill of exchange.

3. Mere evidence of the regular *course of business* of the defendant in respect to the making and posting of such notices—where the persons whose duty it was to make and to post them had no recollection of the particular notice in dispute, and there was no memorandum in any book or paper in the defendant's office from which the making of such notice could be verified—*held* not to be sufficient.

APPEAL from the Circuit Court for *Dane* County.

Action for damages to a chest of carpenter's tools, &c., carried for plaintiff by defendant from Madison in said county, to the city of Chicago, Illinois. The goods were sent on the 16th, and arrived at Chicago on the 17th of March, 1864 ; were not called for by plaintiff until the 23d of that month ; and were injured by an accidental fire while in defendant's possession. The plaintiff was a stranger and transient person in Chicago, having no residence or place of business there, and his name was not in the city directory. The defendant proved that it was its custom, and that of all express companies in such cases,

VOL. XXI.—27.

to have a notice of the arrival of the property, the charges for transportation, &c., deposited in the city post-office, at the close of the day on which the goods arrived. One Wickham testified that he was clerk in the Chicago office of defendant during all the month of March, 1864; that it was his business to make up such notices; and one Wygart took them to the post-office; that he made out notices every evening to all strangers and transient persons to whose address goods had arrived during the day, which had not been called for; that he did not intend to omit any, and did not, as he believed; he also gave the form of the notice, which stated, among other things, that goods held after date would be at the owner's risk. On cross-examination, he said that he had no personal knowledge or recollection that he wrote such a notice for plaintiff, of the arrival of his chest, prepaid the same, and caused it to be mailed; and that there was no memorandum or note in any book or paper in said office showing such notice to have been written or mailed, and it was not their custom to make any such memoranda. Wygatt testified in a similar manner in regard to the prepayment and deposit of such notice. Plaintiff testified that he never received any such letter. He was also permitted, against defendant's objection, to testify that from the 17th to the 23d of said month of March, he inquired twice a day at the Chicago post-office for any letters addressed to him, and was told that there were none. Plaintiff's testimony also tended to show that he was not aware that the goods had been sent to him by express until about the time he called for them. He testified also that he was not aware of any custom of the express company in regard to notifying consignees.

The jury were instructed that if the testimony established a general custom in Chicago for common carriers to notify strangers and transient persons by letter dropped into the post-office, of the arrival of goods consigned to them, and if defendant delivered such a letter at the post-office, it made no difference whether the plaintiff received it or not.

Verdict for plaintiff; new trial denied; and judgment on the verdict; from which defendant appealed.

*Keyes & Hastings* (with whom were *Spooner & Lamb*, of counsel), for appellant, contended : 1. That after a reasonable time given the consignee to call for the goods, or notify the carrier where they were to be delivered, defendant's responsibility as carrier ceased. *Fisk v. Newton*, 1 Denio, 45. As a general rule, when a package comes addressed to a person not known to the carrier, the latter should make some inquiry for the consignee in order to make personal delivery; but in a case like this such inquiry would be a vain and idle act, which the law does not require. There is no rule of law requiring a carrier to give notice through the post-office of the arrival of goods. Such was the usage of express companies in Chicago; but *quære*, whether a custom unknown to the shipper is binding on him; and it would seem that a custom should bind both parties or neither. We suppose this custom is resorted to as a means of hastening the delivery of express matter, so as to prevent its accumulating beyond the capacity of the company to store it. If the custom is adopted by the companies for their own benefit or convenience, a person who has not been misled by reliance upon it, cannot complain of its non-observance. 2. But the proof shows that notice to the plaintiff was mailed according to the usage. The testimony of Wickham and Wygart proved not merely the usage or routine of business, from which alone nothing more than a presumption could arise; it went further, and showed that the usage had been complied with. 3. Defendant having made a *prima facie* case on this point, the burden of the proof was on the plaintiff to show that the letter was *not* mailed. His testimony as to inquiries at the post-office, and the answers given him by the clerks, was not competent evidence for this purpose. It is entirely consistent with the hypothesis that the letter was mailed, and does not contradict it. [Counsel argued

this question at considerable length ; but as the question is not passed upon by the court, the argument is omitted.]

*Wm. F. Vilas*, for respondent, argued that the evidence as to plaintiff's application at the post-office and failure to receive any letter, was properly received as presumptive evidence from the known course of business in public post-offices, tending to show, as against the presumption from the course of business in defendant's private office, that no drop letter was deposited in the post-office as alleged. A presumption may be rebutted by another and stronger presumption. *Jayne v. Price*, 5 Taunt., 326. 2. But even if this evidence was incompetent, the judgment will not be reversed; because without it, plaintiff was entitled to a verdict. The evidence as to the posting of the letter was entirely insufficient. *Halliday v. Martinet*, 20 Johns., 168, 175–6. A party who can offer no better evidence has no standing in court. *Hawks v. Salter*, 4 Bing. (15 E. C. L.), 715 ; *Toosey v. Williams*, 1 Moody & Malk., 129 ; *Hetherington v. Kemp*, 4 Campb., 193 ; *Flack v. Green*, 3 Gill & J., 474 ; 2 Greenl. Ev., § 193.

DIXON, C. J. If it be conceded, where the consignee has no known place of residence or business at the place of destination, and cannot, after reasonable diligence, be found, so that delivery of the goods may be made to him in person, that a common carrier may, by law or by custom of the particular place, absolve himself from liability as such, and assume the character and responsibilities of a warehouseman, by deposit-ing a notice in the post-office addressed to the consignee, still we are of opinion that no sufficient evidence was given at the trial that the notice was made out and deposited in the post-office as alleged in the answer of the defendant. This question is strictly analogous to that which has several times been presented to the courts, as to the sufficiency of evidence of the making and posting of notice of the dishonor of a bill of exchange

or promissory note, so as to charge the drawer or indorser, and should, we think, be governed by the same rules. It is sufficient to refer to two or three of the cases cited by counsel for the plaintiff. In *Hawks v. Salter*, 4 Bing., 715 (15 E. C. L., 125), one of the clerks of the plaintiffs, who were the holders of a bill of exchange, stated that a letter from the plaintiffs which the witness had copied, giving the defendant notice of the dishonor of the bill, was sent by the post, but he had no recollection whether it was put in by himself or by another clerk. It was objected that there was not sufficient evidence that the letter had been put into the post, and so held by the court. In *Hetherington v. Kemp*, 4 Campb., 193, the plaintiff proved that he wrote a letter addressed to the defendant, stating that a bill of exchange had been dishonored; that this letter was put down on a table, where, according to the usage of his counting house, letters for the post were always deposited; and that a porter carried them from thence to the post-office. Lord ELLENBOROUGH said that this was insufficient; that some evidence ought to have been given that the letter was taken from the table in the counting house, and put into the post-office. Had the porter been called, and stated that although he had no re collection of the letter in question, he invariably carried to the post-office all letters found upon the table, that might have done; but he could not hold this general evidence of the course of business in the plaintiff's counting house to be sufficient. *Flack v. Green*, 3 Gill & Johns., 474, is to the same effect. Proof by sundry witnesses, that it was the invariable and uniform practice of a counting house, to forward such notices immediately upon receipt of them, and that they had no doubt, from the course of their business, that they had forwarded the particular notice in question, but that they had no recollection upon the subject, was held inadmissible.

In this case the evidence goes merely to the course of business in the defendant's office at Chicago. Wickham, a clerk

in the money delivery department of the company, and whose business it also was to make out, every evening, notices of the arrivals of goods during the day, consigned to persons who had no known place of business or abode in the city, and to address them to the consignees through the post-office, testifies that he has no knowledge or recollection on the subject of the notice to the plaintiff, and that there is no note or memorandum in any book or paper in the office by which he can verify the fact that such a notice was made out. The proof in this respect falls short of that given in the cases above cited. In those the making of the notice was established by competent evidence, and the only question was as to whether they had been deposited in the posto-ffice. Here there is no sufficient evidence that the notice was ever made out. Had the witness made some entry or memorandum of the making of the notice, to the correctness of which he could have testified, then, although he had no recollection of the notice, that, together with the testimony of Wygart that he invariably carried and deposited all such notices in the post-office, might have sufficed. As it is, the witnesses having no knowledge or recollection of the notice, and testifying only to their general course of business in the office, we must hold the evidence insufficient, and affirm the judgment.

*By the Court.*—Judgment affirmed.